1  REED E. SCHAPER (SBN 082792)
   rschaper@hkemploymentlaw.com
2  FERRY E. LOPEZ (SBN 274080)
   flopez@hkemploymentlaw.com
3  HIRSCHFELD KRAEMER LLP
   233 Wilshire Boulevard, Suite 600
4  Santa Monica, CA  90401
   Telephone:  (310) 255-0705
5  Facsimile:   (310) 255-0986

6  Attorneys for Defendant
   VITAS HEALTHCARE CORPORATION
7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11  RITA RAY,                          CASE NO.:

12              Plaintiff,             State Court Case No.
                                       30-2021-01191585-CU-OE-CJC
13  vs.
                                       Hon. Gregory H. Lewis, Dept. C26
14  VITAS HEALTHCARE
    CORPORATION, a Delaware            **NOTICE OF REMOVAL TO THE**
15  corporation; and DOES 1-50,        **DISTRICT COURT UNDER 28**
    inclusive,                         **U.S.C. § 1441 (A)(B); 28 U.S.C. § 1332**
16
                Defendants.            [Filed Concurrently with Certificate of
17                                     Interested Parties; and Declarations of
                                       Craig Pritchard, Dean Robertson, and
18                                     Ferry Lopez]
19
20
21                                     Complaint Filed:      March 24, 2021
22

23  **TO THE CLERK OF THE COURT:**

24          PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. sections 1441(a), (b)

25  and 1446, Defendant VITAS HEALTHCARE CORPORATION ("Defendant" or

26  "VITAS") hereby removes the above-entitled action from the Superior Court of

27  California in and for the County of Orange to the United States District Court for

28  the Central District of California, Southern Division.

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

4849-3070-2823

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

**JURISDICTION AND VENUE**

1.      Defendant asserts that this is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1332, and removal is proper under 28 U.S.C. § 1441 in that it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2.      This Court is in the judicial district and division embracing the place where the state court case was brought and is pending.  Thus, this Court is the proper district court to which this case should be removed.  28 U.S.C. §§ 1441(a) and 1446(a).

**PROCEDURAL BACKGROUND**

3.      On March 24, 2021, Plaintiff Rita Ray ("Plaintiff") filed a civil action in the Superior Court of the State of California for the County of Orange, entitled RITA RAY v. VITAS HEALTHCARE CORPORATION and DOES 1 through 50, inclusive, Case No. 30-2021-01191585-CU-OE-CJC ("State Court Action.).

4.      On April 8, 2021, Plaintiff served Defendant's agent for service of process a copy of the summons and complaint.  A true and correct copy of all process, pleadings, and orders served on Defendant in the State Court Action are attached as Exhibit ("Ex.") A to the Declaration of Ferry Lopez ("Lopez Decl."), ¶ 3.

5.      On May 6, 2021, Defendant filed an Answer to Plaintiff's Complaint in the State Court Action in the Superior Court of California, County of Orange. (Lopez Decl., ¶ 4, Ex. B).

6.      As required by 28 U.S.C. § 1446(d), Defendant is providing written notice of the filing of this Notice of Removal to Plaintiff, and is filing a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, in and for the County of Orange.  (Lopez Decl., ¶ 5, Ex. C).

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

## DIVERSITY OF CITIZENSHIP

7.      <u>Plaintiff's Citizenship</u>.  As alleged in the Complaint, Plaintiff is a resident of the State of California.  (Complaint ¶ 1.)  For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Residence is *prima facie* evidence of domicile.  *State Farm Mutual Auto Ins. Co. v. Dyer*, 19 F. 3d 514, 520 (l0th Cir. 1994).  Accordingly, Plaintiff is a citizen of the State of California.

8.      <u>VITAS' Citizenship</u>.  It is undisputed that VITAS is a corporation organized under the laws of the State of Delaware, with its principal place of business is in Florida.  (Complaint ¶ ¶ 2-3; Declaration of Dean Robertson ["Robertson Decl."], ¶¶ 2-3.)  Corporations are citizens of:  (1) the state in which they are incorporated and (2) the state in which they maintain their "principal place of business."  28 U.S.C. § 1332(c)(1).  The U.S. Supreme Court adopted the "nerve center" test to determine a corporation's "principal place of business," which "normally will be the place where the corporation maintains its headquarters— provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center," and not simply an office where the corporation holds its board meetings." *Hertz v. Friend*, 130 S. Ct. 1181, 1192 (2010).  At the time of the filing of the Complaint in this case and as of today, VITAS maintains its headquarters in Miami, Florida at 201 South Biscayne Boulevard, Suite 400, Miami, Florida 33131.  (Complaint ¶ 3; Robertson Decl., ¶ 3.)  At the time of the filing of the Complaint in this case and as of today, the large majority of the officers of VITAS resides and works in the surrounding areas near Florida and, when decisions are made about the business of VITAS, such decisions are made by those officers in Miami, Florida.  (Robertson Decl., ¶ 3.)  As a result, VITAS is a citizen of Delaware and Florida.

9.      <u>Doe Defendants</u>.  Although Plaintiff has also named fictitious defendants "DOES 1-50," "[f]or purposes of removal under this chapter, the

1    citizenship of defendants sued under fictitious names shall be disregarded." 28

2    U.S.C. § 1441(a); *see also Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213

3    (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).

4    Thus, the existence of "Doe" defendants does not deprive the Court of jurisdiction.

5        10.    <u>Diversity</u>.  Complete diversity of citizenship exists under 28 U.S.C. §§

6    1332 inasmuch as Plaintiff is a citizen of the State of California and the only named

7    Defendant, VITAS, is a citizen of the states of Delaware and Florida.  There is

8    accordingly complete diversity of citizenship.

9                **<u>AMOUNT IN CONTROVERSY EXCEEDS $75,000</u>**

10       11.    A defendant may remove a case to federal court pursuant to 28 U.S.C.

11   § 1332(a) on the grounds that the amount in controversy exceeds $75,000,

12   exclusive of interest and costs, even when the plaintiff fails to set forth any specific

13   damage amount.  *See, e.g., Cohn v. PetSmart, Inc.*, 281 F.3d 837, 839-40 (9th Cir.

14   2002).  Removal is appropriate when it is more likely than not that the amount in

15   controversy exceeds the jurisdictional requirement.  Id. at 839 (setting forth the

16   "preponderance of the evidence" standard).

17       12.    The State Court Action involves Plaintiff's claims against Defendant

18   for: (1) disability discrimination; (2) failure to accommodate, (3) failure to engage

19   in the interactive process, (4) retaliation, and (5) wrongful termination in violation

20   of public policy.  Plaintiff alleges that as a result of Defendant's actions, Plaintiff

21   suffered "loss of earnings and other employment benefits," as well as "pain and

22   suffering, mental anguish and emotional distress."  (Complaint ¶¶ 28, 35, 45, 52,

23   61.)  In addition to these damages, Plaintiff seeks compensatory damages,

24   prejudgment and post-judgement interest, punitive and exemplary damages,

25   attorneys' fees and costs, and further relief as the Court deems just and proper.

26   (Complaint, Prayer for Relief, p. 9, ¶¶ 12-19)

27       13.    <u>Calculations</u>.  As demonstrated below, the allegations in the Complaint

28   make it more likely than not that the amount in controversy exceeds $75,000.  In

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

4

calculating alleged damages, although Defendant denies that it is liable to Plaintiff in any amount or manner, Defendant has assumed each of Plaintiff's claims would be successful for purposes of calculating the amount in controversy, particularly in light of the fact that the Complaint does not provide more precise calculations. *See Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1149 (C.D. Cal., 2010) ("[C]ourts have assumed a 100% violation rate . . . in calculating the amount in controversy when the complaint does not allege a more precise calculation.").

14.    Although Defendant denies that Plaintiff was damaged in any amount, assuming arguendo that Plaintiff prevails at trial, there is a possibility that she will be awarded over $75,000 in damages.  There have been, in recent years, several verdicts in discrimination/wrongful termination cases (similar to the claims Plaintiff asserts in the State Court Action) entered in favor of plaintiffs in California where the awarded damages exceeded $75,000.  *See Wysinger v. Automobile Club of Southern California*, (2008) 157 Cal. App. 4th 413; *Lopez v. Bimbo Bakeries USA, Inc.*, 2009 WL 1090375; *Dickinson v. Allstate Insurance Company*, 2013 WL 1695574.

15.    <u>Lost Wages</u>.  Pursuant to all of her causes of action, Plaintiff alleges that she has suffered and continues to suffer actual, consequential and incidental financial losses, including "loss of earnings and other employment benefits" and prays for damages to compensate for these alleged losses.  (Complaint ¶¶ 28, 35, 45, 52, 61; Prayer for Relief, p. 9, ¶¶ 12-19).  As detailed in the calculations below, Plaintiff's claims for lost earnings total approximately  $285,120 ($193,600 lost wages + $91,520 front pay).  At the time of her separation from employment, Plaintiff was classified to work 40 hours per week and was paid an hourly rate of $44.00.  (Declaration of Craig Pritchard ["Pritchard Decl."], ¶¶ 2-3).  Plaintiff's claim for lost wages will run from February 12, 2020, her alleged date of separation, (Complaint ¶ 18), through an estimated trial date of March 24, 2022 (approximately 1 year from the date the State Court Action commenced) would

total approximately $193,600 ($44.00 per hour x 40 hours per week x 110 weeks). Plaintiff's front pay, if calculated, for purposes of this analysis only, on a conservative assumption that the Court would award one year of pay in the event liability was found, would total approximately $91,520 ($44.00 per hour x 40 hours per week x 52 weeks).  Consequently, Plaintiff's claims for lost earnings total approximately **285,120** well above the $75,000.00 threshold.

16.  Emotional Distress Damages.  Plaintiff also alleges that she has experienced pain and suffering, as well as mental anguish and emotional distress and seeks general and compensatory damages for such mental and emotional distress.  (Complaint ¶¶ 28, 35, 45, 52, 61; Complaint, Prayer for Relief, p. 9, ¶¶ 12-19)  Emotional distress damages may be considered when calculating the amount in controversy.  *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002).

17.  Punitive and Exemplary Damages.  In addition, Plaintiff alleges that Defendant acted with oppression, fraud, malice, and/or conscious disregard of Plaintiff's right, thus subjecting Defendant to punitive damages.  (Complaint ¶¶ 30, 37, 47, 54; Prayer for Relief, p. 9, No. 4).  In determining the amount in controversy, a court "must consider the amount of actual and punitive damages." *Nasiri v. Allstate Indem. Co., 41 Fed. Appx.*, 76, 77 (9th Cir. 2002); *see also Gibson v. Chrysler Corp.*, 261 F.3d 927, 946 (9th Cir. 2001) (stating that "[i]t is well established that punitive damages are part of the amount in controversy in a civil action.").

18.  Attorneys' Fees.  When the underlying substantive law provides for the award of attorneys' fees, a party may include that amount in their calculation of the amount in controversy.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).  The Court may take into account reasonable estimates of attorneys' fees when analyzing disputes over the amount in controversy.  *See Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D.Cal.2002).  Plaintiff has sought attorneys' fees in the Complaint for her second causes of action.  (Prayer for Relief,

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

p. 9, No. 2). They should therefore be included in analyzing the amount in controversy and would make it more likely than not that the amount in controversy exceeds $75,000, exclusive of interest and costs.

19.   <u>Total Amount in Controversy</u>.  Based on the discussion above, the amount in controversy based just on alleged compensatory damages (approximately $285,120), emotional distress damages, punitive damages, and attorneys' fees is, more likely than not, in excess of $75,000. Plaintiff's claims collectively make it facially plain that Plaintiff is seeking far more than the minimum amount, exclusive of interest and costs, needed to meet the amount in controversy requirement. *See, e.g., Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (finding, by preponderance of the evidence, that a complaint exceeded $75,000 where it sought damages for lost wages, benefits, 401(k) contributions, value of life insurance policies, stock options, emotional distress damages, and attorney's fees and costs).

**<u>NOTICE OF REMOVAL IS TIMELY</u>**

20.   Removal of a complaint from state court to federal court must be effected within 30 days from the first date from which it can be ascertained that federal subject matter jurisdiction exists. *See, e.g.*, 28 U.S.C. § 1446(b). That statute provides in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based …
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable ...

Id. (emphasis added).

21.   In this case, the Complaint was served on VITAS on April 8, 2021. Defendant ascertained upon the date of service that this case was removable.

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

Removal of this case to the Federal District Court is therefore appropriate and timely pursuant to 28 U.S.C. section 1446(b).  *See, e.g., Hillberry v. Wal-Mart Stores East, L.P.*, 2005 U.S. Dist. LEXIS 15942 (W.D. Ky. Aug. 3, 2005).

<u>**CONCLUSION**</u>

22.    For all of the foregoing reasons, removal of this case to federal court is proper.  This Court has original jurisdiction over this matter pursuant to 28 U.S.C. sections 1332(a) and 1441.

Dated:   May 7, 2021                              HIRSCHFELD KRAEMER LLP


By:  */s/ Ferry E. Lopez*
    Reed E. Schaper
    Ferry Lopez
    Attorneys for Defendant
    VITAS HEALTHCARE
    CORPORATION

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

**CERTIFICATE OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, the undersigned, am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 233 Wilshire Boulevard, Suite 600, Santa Monica, California  90401.  On May 7, 2021, I served the following document(s) by the method indicated below:

**NOTICE OF REMOVAL TO THE DISTRICT COURT UNDER 28 U.S.C. § 1441 (a)(b); 28 U.S.C. § 1332**

☐   by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the United States mail at Santa Monica, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited in the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐   by transmitting via email on this date the document(s) listed above to the email address(es) set forth below.

☒   by **electronic Filing:**  I hereby certify that on **May 7, 2021**, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's electronic filing system.

☐   Due to the National Emergency and public health orders in California related to the coronavirus and COVID-19 pandemic, Hirschfeld Kraemer LLP attorneys and staff are working remotely and therefore have limited capabilities to send physical mail in the normal course of business.  On this date, I personally transmitted the foregoing document(s) using electronic mail to the e-mail address(es) of the person(s) on the attached service list.

Jonathan M. Genish, Esq.          T:  (310) 622-4278
Benjamin J. Kussman, Esq.        F:  (855) 786-6356
Blackstone Law, APC                 E:  jgenish@blackstonepc.com
8383 Wilshire Blvd., Suite 745          bkussman@blackstonepc.com
Beverly Hills, CA 90211

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.  Executed on May 7, 2021, at Santa Monica, California.

_Patricia Dragotta_

_____
Patricia Dragotta

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA